UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PINTAR INVESTMENT COMPANY RESIDENTIAL, L.P., <br><br> Plaintiff(s), <br><br> v. <br><br> MARTHA S. ESPIRITU, <br><br> Defendant(s). | Case No. 2:15-CV-2146 JCM (PAL) <br><br> ORDER |

Presently before the court is plaintiff Pintar Investment Company's motion to remand. (Doc. #10). Defendant Martha Espiritu filed a response, (doc. #12), and plaintiff filed a reply. (Doc. #13).

I. **Background**

In August 2015, plaintiff purchased real property commonly known as 10659 Mystic Seaport Ave., Las Vegas, Nevada 89129 ("the property") at a trustee's foreclosure sale. (Doc. #10). Plaintiff recorded a trustee's deed upon sale of the property with the Clark County assessor's office on August 14, 2015. (*Id.*). Defendant was the owner of the property from January 2003 until the sale and still resides on the property. (*Id.*).

On September 30, 2015, plaintiff filed an unlawful detainer action in the Eighth Judicial District Court in Clark County, Nevada, seeking to obtain present possessory interest in the property by evicting defendant from the property. (*Id.*) Defendant removed the action to this court based on diversity jurisdiction. (Doc. #1). The parties then filed the instant motions.

II. **Legal Standard**

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must

**James C. Mahan**
**U.S. District Judge**

be completely diverse and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c).  A federal court must remand a matter if there is a lack of jurisdiction. *Id.*  Removal statutes are construed restrictively and in favor of remanding a case to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper.  *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.  Discussion**

Plaintiff's motion to remand argues that this court lacks subject matter jurisdiction under the "home state" exception to diversity. Plaintiff also claims that the amount in controversy does not exceed $75,000 because no monetary judgment is sought, only right to possession of the property. (Doc. #10). Alternatively, plaintiff further argues that there is no federal question jurisdiction in an unlawful detainer action as that is a matter of state law. (*Id.*)

Defendant contends that the present case should be consolidated with another pending case in this district and that, consequently, the court has subject matter jurisdiction over this case under Federal Rule of Civil Procedure 42(a)(3), which allows a court to consolidate an action in order to avoid unnecessary cost or delay. (Doc. #12).

Defendant's petition for removal is based on diversity jurisdiction pursuant to 28 U.S.C § 1332. Plaintiff argues that the "home state" exception requires remand of this case to state court. Title 28 U.S.C. § 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in the

1   interest properly joined and served as defendants is a citizen of the State in which such action is
2   brought. 28 U.S.C. § 1441(b)(2)". *See, e.g.*, *Fed. Nat'l Mortgage Ass'n v. Oner*, No. 2:12-CV-
3   01771-RCJ-VC, 2013 WL 1248322, at *2 (D. Nev. Mar. 25, 2013).

4   The court agrees with plaintiff. Defendant is a citizen of the state of Nevada. (Doc. #1).
5   Defendant removed the complaint to this court relying on diversity of citizenship pursuant to rule
6   1332. (*Id.*). Pursuant to 28 U.S.C. § 1441(b)(2), the complaint should not have been removed to
7   this court.

8   Defendant does not address the "home state" rule or make any substantive arguments regarding
9   whether the court has subject matter jurisdiction over this case. Instead, the defendant argues that
10  the court should *sua sponte* order consolidation of this case and a previously filed case, *Espiritu v.*
11  *Capital One*, case no. 2:15-cv-01933-JAD-PAL. (Doc. #12). Defendant suggests the court may do
12  so under Fed. R. Civ. P. 42(a)(3), which states that a court may enter an order to consolidate if
13  doing so would avoid any unnecessary cost or delay. (Doc. #12).

14  Judge Dorsey already considered this argument in her order denying defendant's request to
15  consolidate. *Espiritu v. Capital One*, case no. 2:15-cv-01933-JAD-PAL (D. Nev. Dec. 9, 2015).
16  Judge Dorsey declined to consolidate this case with her case because she "had serious reservations
17  about whether this court has subject matter jurisdiction over the second filed action. The court also
18  has serious reservations about whether the [p]laintiff's complaint states a claim on which relief
19  may be granted given her admission that in the prior foreclosure she was in default on her loan
20  obligations." *Id.* Rather than address the substance of the court's and plaintiff's subject matter
21  jurisdiction arguments, defendant has instead chosen to repeat her previously unsuccessful
22  consolidation argument.

23  Consequently, the court finds it lacks subject matter jurisdiction to hear this case and orders it
24  be remanded to the state court for further proceedings. In light of this finding, the court finds it
25  unnecessary to address the parties' other arguments.

26  . . .
27  . . .
28  . . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  **IV.  Conclusion**

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #10), be, and the same hereby is, GRANTED.

5  DATED March 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**